**DLD-005** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1674
_____

COREY BRACEY,
                                              Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; ANDREA MEINTEL, Director Bureau
of Treatment Services; RICHARD ELLERS, Director of
Bureau of Healthcare; J. BARRY JOHNSON, Deputy
Secretary for Western Region; SUPERINTENDENT
FAYETTE SCI; DEPUTY SUPERINTENDENT
FACILITY MANAGEMENT GATES; DEPUTY
SUPERINTENDENT CENTRALIZED SERVICES
ARNELL; MAJOR MICHAEL ZAKEN; CARL
WALKER, Unit Manager; COUNSELOR BUSTASS;
CAPTAIN SUSAN BERRIER; DEPUTY
SUPERINTENDENT CENTRALIZED SERVICES
BRYANT; DEPUTY SUPERINTENDENT FACILITY
MANAGEMENT HALL; CORRECTIONS
CLASSIFICATION PROGRAM MANAGER WOODS;
DEPUTY SUPERINTENDENT FACILITY MANAGEMENT
HANNAH; CORRECTIONS CLASSIFICATION
PROGRAM MANAGER BISER; SUPERINTENDENT
SMITHFIELD SCI; DR. SAVAADRA; DR. FONDER;
MHM CORRECTIONAL SERVICES, INC.; DR.
GALLUCCI; WILLIAM LEGGET, Captain DSFM
WHIETSEL; SHIRLEY MOORE-SMEAL; KATHLEEN
GNALL, DEPUTY SECRETARY FOR RE-ENTRY AND
SPECIALIZED TREATMENT SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 1-11-cv-00217)
District Judge: Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 2, 2015

Before: CHAGARES, GREENAWAY, JR., and SLOVITER, Circuit Judges

(Opinion filed: November 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

Appellant Corey Bracey appeals from an order of the District Court denying his motion for a final order. For the reasons that follow, we will summarily affirm.

Bracey, a Pennsylvania state prisoner, filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania against certain Department of Corrections officials and various health care employees at four different correctional institutions, alleging that the manner in which prisoners with mental health issues are housed in the Restricted Housing Unit, his confinement in a continuous-camera observation cell, and his classification on the Restricted Release List, violated his constitutional rights. The defendants, in two groups -- the Commonwealth Defendants

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and the Medical Defendants -- moved for summary judgment, Fed. R. Civ. P. 56(a). Bracey opposed the motions. The Magistrate Judge filed a Report and Recommendation, in which she recommended that the defendants' motions be granted. In an order entered on September 17, 2014, the District Court granted summary judgment to the defendants. Judgment was entered on that same day.

Bracey placed a notice of appeal in the prison mailbox system, resulting in a timely appeal docketed at C.A. No. 14-4248, but because it appeared that the claims against Commonwealth defendant Shirley Moore-Smeal may not have been resolved, our Clerk advised Bracey that his appeal might be subject to dismissal for lack of jurisdiction, see Fed. R. Civ. P. 54(b) (order entered by District Court that determines rights and liabilities of fewer than all of the parties is not immediately appealable unless the District Court directs entry of final judgment as to the parties). Bracey was invited to submit a response to the question of jurisdiction. Meanwhile, he did not either pay the appellate docketing fees or submit a motion to proceed in forma pauperis. For this reason, the appeal was procedurally terminated by our Clerk on December 10, 2014 for failure to prosecute insofar as Bracey had failed to pay the requisite fee, see Fed. R. App. P. 3(a); 3rd Cir. LAR 3.3 and Misc. 107.1(a).

On December 17, 2014, and thus after his appeal of the District Court's summary judgment decision was dismissed for failure to pay the filing fees, Bracey filed a motion in the District Court for a final order pursuant to Rule 54(b), or, in the alternative, for a trial on his claims against Moore-Smeal. The Magistrate Judge denied the motion as unnecessary, concluding that it was clear from the totality of the Report and

3

Recommendation that the claims brought against Moore-Smeal were addressed and disposed of, even though Moore-Smeal's name was inadvertently omitted from the list of Commonwealth defendants for whom summary judgment was being recommended in the Conclusion of the Report and Recommendation. Bracey appealed the Magistrate Judge's order to the District Court, see 28 U.S.C. § 636(b)(1)(A). In an order entered on February 11, 2015, the District Court affirmed the Magistrate Judge and denied the motion for a final order, again, in effect, as unnecessary because the claims against Moore-Smeal had been disposed of by the Court's original order awarding summary judgment to the Commonwealth defendants.

Bracey placed a notice of appeal from this order in the prison mailbox system, resulting in the instant timely appeal. He then moved for leave to appeal in forma pauperis and this motion was granted. Bracey was advised that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. The appellees have moved to quash the appeal, and Bracey has submitted two responses, in which he has argued, in pertinent part, that he abandoned his original appeal docketed at C.A. No. 14-4248 due to a good faith belief that it was jurisdictionally defective and because he could not afford to pay for a jurisdictionally defective appeal.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order denying Bracey's post-judgment motion for a final order. See Isidor Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable). As a threshold matter, we emphasize that the scope of

4

this appeal is limited to review of the District Court's order denying Bracey's motion for a final order. Bracey's appeal of the District Court's order awarding summary judgment to the defendants, C.A. No. 14-4248, was dismissed for failure to prosecute.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The Commonwealth's attorney entered an appearance on behalf of Moore-Smeal, and, as noted by the Magistrate Judge, a review of the pleadings, the totality of the summary judgment motion, and the reasoning in the Report and Recommendation lead inescapably to the conclusion that the District Court's order entered on September 17, 2014 granting summary judgment to the defendants necessarily included Moore-Smeal. It thus was a final order as to all claims and all parties, making Bracey's motion for a final order unnecessary. We would add that the motion for summary judgment filed on behalf of the Commonwealth defendants plainly included Moore-Smeal, even though she was inadvertently omitted from the list of specific defendants set forth in the motion. In sum, Bracey's motion for a final order was unnecessary and thus properly denied by the District Court.

With regard to the appeal that was dismissed, an appellant who seeks to correct a deficiency after the appeal is dismissed and to reopen the appeal must have this Court's approval. LAR Misc. 107.2. He must file a motion to reopen the appeal and the motion must be justified by a showing of good cause. Id. If the motion to reopen is not filed within 10 days of dismissal, it must be accompanied by a request to be exempt from the timeliness requirement, and the motion must also be accompanied by, in Bracey's case,

either the appellate docketing fees or a motion to proceed in forma pauperis. Bracey has taken none of these steps to reopen his appeal docketed at C.A. No. 14-4248 but he may still do so, and, in his motion to reopen, he may present his argument that he abandoned his original appeal due to a good faith belief that it was jurisdictionally defective. We express no view on the outcome of any such motion to reopen the appeal, and we caution Bracey that, if he is successful in reopening his appeal, it will result in an additional assessment of fees.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Bracey's motion for a final order. The appellees' motion to quash the appeal is denied.